IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

CURRY & COMPANY, INC. and :
EASTERDAY FARMS PRODUCE CO., :
               :
   Plaintiffs, :
               :  CASE NO. 7:13-cv-0053
v. :
               :
DE BRUYN PRODUCE CO., MARGRET :
DE BRUYN, and MAXINE DE BRUYN, :
               :
   Defendants. :

## [~~PROPOSED~~] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION

Upon review of the Complaint of Plaintiffs, CURRY & COMPANY, INC. and EASTERDAY FARMS PRODUCE CO. (collectively referred to as "Plaintiffs") on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiffs' Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, *the Court noting Defendants' were given notice of the* and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause. *Temporary Restraining Order request and filing of response thereto and*

IT IS HEREBY ORDERED that Defendants DE BRUYN PRODUCE CO., MARGRET DE BRUYN (collectively referred to as "Defendants") appear in Courtroom ____ of the U.S. District Court for the Southern District of Texas, McAllen Division, Bentsen Tower, 1701 W. Hwy. 83, McAllen, TX 78501, *to the Hon. Flores* on __2/28__ ___, 2013, at __4:00 p.__m., or as soon thereafter as the matter may be heard, then and there to show cause, if any they have, why they, their agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and representatives should not be restrained and preliminarily enjoined during the pendency of this

1

action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A. ~~Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets,~~ books or funds;

B. Taking any ~~other~~ action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA Trust assets in the total amount of at least $145,721.89, which includes the cumulative amount of the PACA trust principal owing to Plaintiffs totaling $128,292.75, plus interest accrued through February 4, 2013 [*or any interest amount determined by the court*] in the amount of $6,313.64, ~~plus reasonable~~ attorney's fees in the amount of $10,765.50, plus [*in any amount determined by the court to be reasonable attorney's fees*] filing fees of $350.00.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented

2

from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, *in the amounts listed above*, including funds on deposit in banking accounts held by or on behalf of Defendant De Bruyn Produce Co., from De Bruyn Produce Co.'s banking accounts, including but not limited to Defendant De Bruyn Produce Co.'s account held at Inter National Bank, account number ending in 0571, located at 400 North Texas Blvd., Weslaco, TX 78596, and any other accounts subsequently discovered to be standing in the name of De Bruyn Produce Co.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:



D. ~~Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;~~

E. Taking any ~~other~~ action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests *in the amounts listed above*, in the trust assets;

F. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")];

G. Except that, Defendants and their counsel, agents, or representatives are permitted to execute any legal documents and pay any fees reasonable and necessary to effectuate the sale of De Bruyn Produce Co.'s Deerfield Beach, Florida operations, including by not limited to any

and all equipment, customer lists, inventory, forklifts, packing lines and goodwill, located at the premises identified as Building #3, 730 South Power Line Road, Deerfield Beach, Florida 33442, the proceeds of which shall be deposited into an escrow account subject to the restraints set forth in this Order [handwritten insertion: "the portion in the amount listed above"]

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G. Immediately account to the Court and Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H. Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiffs for sale and collection until Plaintiffs are fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables received or collected by Plaintiffs' counsel in that regard. Plaintiffs' counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I. Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiffs' counsel as set forth above [handwritten insertion: "until Plaintiffs are fully paid"]. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in

its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiffs' counsel.

J.  File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and their counsel, agents, or representatives, shall have full and complete and continuing access to all of DefendantDe Bruyn Produce Co.'s books and records, which shall include but not necessarily be limited to, accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendant De Bruyn Produce Co.'s business from commencement of its business activities forward for the purpose of verifying Defendant De Bruyn Produce Co.'s accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours notice by Plaintiffs' counsel, allow inspection and copying of the books and records of Defendant De Bruyn Produce Co. by Plaintiffs or their representatives at Defendant De Bruyn Produce Co.'s place of business.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiffs are entitled to inspect under this Order, the trust assets or any of

Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that Plaintiffs may immediately take whatever steps are reasonably necessary to mitigate Plaintiffs' damages by selling current inventory of fresh produce previously sold to Defendants but for which Defendants have not paid Plaintiffs, all such sales proceeds to be applied to Defendants' account.

~~IT IS FURTHER ORDERED that Inter National Bank release information about the above-described account including the amounts contained in the account.~~

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Temporary Restraining Order is effective.

IT IS FURTHER ORDERED that Plaintiffs shall serve Defendants with copies of this Order and all pleadings and other papers in support of the Order on the date of this order being entered, 2013 by Federal Express with verification of receipt. Defendants shall file an Opposition, if any, to the Order to Show Cause on or before 5 p.m. on 2/20, 2013, and shall personally serve Plaintiffs' counsel with a copy of said Opposition by said deadline. Plaintiffs shall file and serve a Reply to Defendants' Opposition, if any, on or before 5 p.m. on 2/26, 2013.

DATED: 2/8, 2013 at ~~McAllen, Texas~~

_Ricardo H. Hinojosa_
U.S. DISTRICT COURT JUDGE