IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CURRY & COMPANY, INC. and EASTERDAY FARMS PRODUCE CO., <br><br> Plaintiffs, <br><br> v. <br><br> DE BRUYN PRODUCE CO., MARGRET DE BRUYN, and MAXINE DE BRUYN, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> CASE NO. 7:13-53 <br> : <br> : <br> : <br> : <br> : |

## ORDER RE PRELIMINARY INJUNCTION

This matter is before the Court upon Plaintiffs' Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Plaintiffs, CURRY & COMPANY, INC. and EASTERDAY FARMS PRODUCE CO. (collectively referred to as "Plaintiffs") are produce dealers and creditors of Defendants DE BRUYN PRODUCE CO., MARGRET DE BRUYN, and MAXINE DE BRUYN (collectively referred to as "Defendants") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). Defendants have not paid $128,292.75 due to Plaintiffs for produce purchased by Defendants as required by the PACA. Plaintiffs also established to the Court's satisfaction that Defendants are in severe financial jeopardy and the PACA Trust is being threatened with dissipation. Based upon the affidavits and certification of Plaintiffs and Plaintiffs' counsel, it appears that Defendants are not or may not be in a position to pay Plaintiffs' PACA claim.

The pleadings and supporting documents on file establish the Defendants either dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to

warrant the relief granted in this Order. On the basis of the pleadings, affidavits and other documents submitted to the Court, it appears the Plaintiffs will suffer immediate and irreparable injury due to Defendants' dissipation of the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.

Upon review of Plaintiffs' Complaint, Plaintiffs' application for injunctive relief, the declarations, exhibits and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction, all documents on file with the Court, this Court has determined that Plaintiffs have shown that absent an injunction, Plaintiffs will suffer irreparable harm from the danger of dissipation of assets subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a-q *et seq* ("PACA"). Further, Plaintiffs, as valid PACA trust creditors, have demonstrated a likelihood of success on the merits.

IT IS HEREBY ORDERED that Defendants, and each of them, be and hereby are preliminary enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following facts:

A.   Taking any action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

B.   Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert

with them, shall within 24 hours after being served with this Order deposit into the trust account of Plaintiffs' counsel, June Monroe, Esq. of Rynn & Janowsky, LLP, PACA Trust assets in the amount of at least $145,721.89, which includes the cumulative amount of the PACA trust principal owing to Plaintiffs totaling $128,292.75, plus interest accrued through February 4, 2013, in the amount of $6,313.64, or any interest amount determined by the court, plus reasonable attorney's fees in the amount of $10,765.50, or any amount determined by the court to be reasonable attorney's fees, plus filing fees of $350.00.

IT IS FURTHER ORDERED that during the pendency of this action, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing PACA trust assets, in the amounts listed above, including funds on deposit in banking accounts held by or on behalf of Defendant De Bruyn Produce Co., from De Bruyn Produce Co's banking accounts, including but not limited to Defendant De Bruyn Produce Co.'s account held at Inter National Bank, account number ending in 0571, located at 400 North Texas Blvd., Weslaco, TX 78596, and any other accounts subsequently discovered to be standing in the name of De Bruyn Produce Co.

IT IS FURTHER ORDERED that during the pendency of this action, Defendants and their counsel, agents, or representatives, shall be preliminary enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

C.   Taking any action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the amounts listed above in the trust assets.

D.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

E.      Except that, Defendants and their counsel, agents or representatives are permitted to execute any legal documents and pay any fees reasonable and necessary to effectuate the sale of De Bruyn Produce Co.'s Deerfield Beach, Florida operations, including but not limited to any and all equipment, customer lists, inventory, forklifts, packing lines and goodwill, located at the premises identified as Building #3, 730 South Power Line Road, Deerfield Beach, Florida 33442, of which the proceeds portion in the amounts listed above shall be deposited into an escrow account subject to the restraints set forth in this Order.

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

F.      Immediately account to the Court and Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

G.      Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiffs for collection until Plaintiffs are fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables received or collected by Plaintiffs' counsel in that regard. Plaintiffs' counsel shall act as trustee in connection with its duties of collection of the accounts

receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

H    Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiffs' counsel as set forth above until Plaintiffs are fully paid. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiffs' counsel.

I.    File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that during the pendency of this action, and continuing thereafter, Plaintiffs and their counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendant De Bruyn Produce Co.'s books and records, which shall include but not necessarily be limited to, accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendant De Bruyn Produce Co.' s business from commencement of its business activities forward for the purpose of verifying Defendant De Bruyn Produce Co.'s accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours notice by Plaintiffs' counsel, allow inspection and copying of the books and records of Defendant De Bruyn Produce Co. by Plaintiffs or their representatives at Defendant De Bruyn Produce Co.'s place of business.

IT IS FURTHER ORDERED that during the pendency of this action, Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiffs are entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that Plaintiffs may immediately take whatever steps are reasonably necessary to mitigate Plaintiffs' damages by selling current inventory of fresh produce previously sold to Defendants but for which Defendants have not paid Plaintiffs, all such sales proceeds to be applied to Defendants' accounts.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Preliminary Injunction is effective.

DATED: _March 1_____, 2013 at McAllen, Texas

_____
U.S. DISTRICT COURT JUDGE